IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-02399-PAB-KMT

ANITA LUSTER,

      Plaintiff,

v.

EDWARD T. SCHAFER, Secretary, United States Department of Agriculture,

      Defendant.

---

**ORDER**

---

This matter is before the court on Defendant's "Motion for a Protective Order"

(hereinafter "Motion") [Doc. No. 30, filed June 9, 2009.] Plaintiff filed her "Response to Motion

for Protective Order" on June 24, 2009 (hereinafter "Response")  [Doc. No. 32] and Defendant

filed a "Reply in Support of Motion for a Protective Order" [Doc. No. 33, filed July 9, 2009].

Plaintiff seeks to take the deposition of Daniel Rosenbluth, an attorney representing the

United States Department of Agriculture (USDA) concerning his direct participation in two of

Plaintiff's claims against the agency; the Fourth Claim for Relief, Violation of the Privacy Act –

Improper Disclosure Under 5 U.S.C. § 552a (b) and the Fifth Claim for Relief, Violation of the

Privacy Act – Failure to Establish Safeguards Under 5 U.S.C.§ 552a(e)(10).  Plaintiff claims that

Mr. Rosenbluth transmitted certain documents containing information covered by the Privacy

Act about her over a facsimili machine which was shared by two separate entities and was

available to a number of individuals who were working in the office space without proper

safeguards to protect her privacy.

### *BACKGROUND*

Mr. Rosenbluth was the agency attorney who represented the USDA during the

administrative processing of Ms. Luster's EEOC complaint. "He took the deposition of Plaintiff,

defended depositions, responded to discovery requests, and was USDA's counsel of record

before the administrative judge." (Mot. at 2-3; Rsp. at 1.)   Mr. Rosenbluth would have

represented the U.S. Department of Agriculture at the EEOC hearing if Ms. Luster had not opted

out of the administrative process and filed her complaint in this Court.  (Mot. at 3; Rsp. at 1.)

However, Mr. Rosenbluth is not the attorney representing Edward Schafer, Secretary of

the U.S. Department of Agriculture in this case.  Representation in this case is undertaken by the

Department of Justice, though Assistant U.S. Attorney Timothy Jafek.  Although Mr. Rosenbluth

did attend a settlement conference held in this case, he did so as the client representative, along

with Mr. Crespin from the Forest Service local office, not as the trial attorney.

It appears undisputed that Mr. Rosenbluth faxed or caused to be faxed certain documents

regarding the Plaintiff's EEOC matter to the Cañon City Forest Service fax machine.  Defendant

states in discovery responses after explaining that "Dan Rosenbluth, an agency attorney . . . met

with agency witnesses as a group or individually. . ." that "[a]ll facsimile communications were

undertaken through machines believed to be secure, and with cover sheets prominently

displaying that the attachments were privileged and confidential, and unauthorized use was

2

barred."  (Rsp., Exh. C, Defendant's Responses to Plaintiff's First Set of Interrogatories,

Requests for Production, and Requests for Admission, Doc. No. 32-6 at 5.)  The Defendant also

states,

> All Agency employees receive periodic mandatory training regarding the Privacy
> Act and confidentiality.  Documents subject to the Privacy Act and/or that are
> confidential are, except for when being actively worked on, or needed for
> administrative processing, securely maintained with controlled access in locked
> files and/or locked offices.

*Id.* at 4.

The Plaintiff, however, points to nine documents produced by the Defendant in discovery

which she claims are not marked so as to insure confidentiality.  ( Rsp., Exh. A, ¶¶ 8 - 9, "Six of

these facsimile cover sheets contain no statement of privilege and/or confidentiality . . .

FS00473-FS00475; FS00916; FS00375; and, FS00379" and "Three of the facsimiles Mr.

Rosenbluth sent simply declare: 'The document may be privileged and confidential' . . .

FS00804; FS00382; and, FS00467.")

A missing piece, certainly, is whether or not the documents attached to the facsimile

cover sheets were covered by the Privacy Act, how the transmissions were actually physically

accomplished, why the receiving fax machine was believed to be secure, and other relevant

questions.  It appears that Mr. Rosenbluth is the sole individual who would be able to factually

answer those and other questions about the documents he transmitted or caused to be

transmitted.

*ANALYSIS*

Fed. R. Civ. P. § 26(c) provides that a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had."   Rule 26(c) is broader in scope than the attorney work product rule, attorney-client privilege, and other evidentiary privileges because it is designed to prevent discovery from causing annoyance, embarrassment, oppression, undue burden or expense not just to protect confidential communications.  *Boughton v. Cotter Corp.*, 65 F.3d 823,  830 (10th Cir. 1995).

The Tenth Circuit has stated

> Depositions of opposing counsel should be limited to where the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Boughton* at 829 (quoting of *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986)). In the Tenth Circuit, courts may issue protective orders guarding against attorney depositions when any one or more of those prongs are not met.  *Valencia v. Colorado Cas. Ins. Co.,* 2007 WL 5685360, *4 (D.N.M. 2007).   As Senior District Judge Weinshienk stated, "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Boughton* at 829;  *See also, Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001).

Important to the analysis in this case, however, is that Mr. Rosenbluth is <u>not</u> opposing counsel in this case.  Further, it is the actions of Mr. Rosenbluth or an individual acting wholly at his direction, that form the basis for two claims in the complaint.   A review of many of the cases following the Eighth Circuit's *Sheldon* case, and by extension, the Tenth Circuit's *Boughton* case, reveals that the three criteria only apply to depositions of trial counsel--or counsel directly representing the party in the pending litigation--and then only if the deposition would reveal litigation strategy in the pending case.  *See, e.g., Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 278 F.3d 621, 628-29 (6th Cir.2002) (district court did not abuse discretion in refusing to allow deposition of arbitrators and opposing trial counsel in ongoing case); *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir.2001) (no abuse of discretion as both parties agreed that *Shelton* applied to attorney who was both "corporate counsel and [ ] involve[d] as counsel in this case"); *Theriot v. Parish of Jefferson ,*185 F.3d 477, 491 (5th Cir.1999) (no abuse of discretion for barring deposition of defendants' "trial attorneys"); *Gould Incorporated v. Mitsui*, 825 F.2d 676, 680 (2d Cir.1987) (*Shelton* applies where concern is that the "thought processes of counsel in relation to pending or anticipated litigation would be exposed"); *United States v. Philip Morris Inc.*, 209 F.R.D. 13, 18 (D.D.C. 2002) (*Sheldon* criteria do not apply to counsel who are not trial counsel in the case); *Evans v. Atwood,* 1999 WL 1032811, *3-4 (D.D.C.1999) (deposition of an attorney employed by the defendant allowed on the grounds that the attorney was not "counsel of record" and therefore the *Shelton* "considerations ha[d] little force in the context of the instant case").

Attorneys are sometimes subject to being deposed, even if they represent a party to the suit. *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan. 2000); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 248 (D. Kan.1995) ("Attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source for discovery by virtue of their license to practice law or their employment by a party.") "Barring extraordinary circumstances, courts rarely will grant a protective order which totally prohibits a deposition" of a person with discoverable factual information. *Simmons Foods* at 630. *See also Harris v. Euronet Worldwide, Inc.*, 2007 WL 1557415, *2 (D. Kan. 2007).

> ### A.     *Whether there are other means to obtain the information.*

The two Privacy Act claims concern the transmission of documents by and from Mr. Rosenbluth to an agency field office facsimile machine.  Only Mr. Rosenbluth can explain his thought processes concerning these transmissions, the steps he took to transmit the documents and the concern he had, if any, about the privacy of the documents.  The factual information sought here is not why Mr. Rosenbluth sent the information to the field office, but rather why he sent it to the fax machine at the field office as opposed to other means of transmission, as well as why he labeled the cover sheets as he did, what his specific training regarding Privacy Act information was and similar other information.  Only he can answer those questions.

Therefore, there is no other means for the Plaintiff to obtain the information she seeks about her Claims Four and Five but directly from Mr. Rosenbluth.

### B.       Whether the information is relevant and nonprivileged.

There can be no serious contention that the information sought is not relevant to the

claims – the information is at the very core of the claims.

Also, this court does not find that the information sought about Mr. Rosenbluth's own

actions carries with it any privilege.  The attorney-client privilege "protects confidential

communications by a client to an attorney made in order to obtain legal assistance from the

attorney in his or her capacity as a legal advisor."  *United States v. Phelan*, 3 Fed. Appx. 716,

718 (10th Cir.2001 )(quoting *In re Grand Jury Subpoena Duces Tecum*, 697 F.2d 277, 278 (10th

Cir.1983)).  To be protected by the privilege, "a communication between a lawyer and client

must relate to legal advice or strategy sought by the client."  *United States v. Johnston*, 146 F.3d

785, 794 (10th Cir.1998).   The reason Mr. Rosenbluth used a particular means of transmission

of documents, whether he perceived the documents to be covered by the Privacy Act, and his

training and experience in safeguarding Privacy Act documents are not attorney-client privileged

matters.

The attorney work-product doctrine "shelters the mental processes of the attorney,

providing a privileged area within which he can analyze and prepare his client's case."  *In re*

*Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1186 (10th Cir.2006)(quoting *United States v.*

*Nobles*, 422 U.S. 225, 238 (1975)). The protection applies to "attorneys' or legal representatives'

mental impressions, conclusions, opinions, or legal theories authored in anticipation of

litigation."  *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 668 (10th

Cir.2006).  Again, the matters about which Plaintiff seeks inquiry do not qualify as attorney

work product.  The information is factual – what Mr. Rosenbluth did to transmit the documents and why he transmitted them by a particular method.  The information is not privileged.

### C.       *Whether the information is crucial to the preparation of the case.*

On Claims Four and Five, the information held only by Mr. Rosenbluth is clearly crucial to the Plaintiff's ability to present evidence in support of her claims.  How the transmission of documents which she considers to be protected by the Privacy Act is at the heart of the claims.

Considering all the factors in both *Boughton* and *Shelton*, it is clear that the Plaintiff should be allowed to depose Daniel Rosenbluth about matters directly concerning her Claims Four and Five.  This court, therefore, does not need to address herein the parties' argument with respect to the crime-fraud exception.

It is, therefore, **ORDERED**

Defendant's "Motion for a Protective Order" [Doc. No. 30] is **DENIED**.  Plaintiff shall be permitted to take the deposition of Daniel Rosenbluth with respect to non-privileged information and evidence pertaining to her Claims for Relief Four and Five.  The deposition will be limited to a period of four hours.

Dated this 23d day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

8