IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-02399-PAB-KMT

ANITA LUSTER,

    Plaintiff,

v.

TOM VILSACK,
Secretary, United States Department of Agriculture,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on defendant's Motion for Review of Costs Taxed [Docket No. 80]. The Court granted summary judgment in favor of defendant [Docket No. 69] and judgment entered in this case on December 7, 2010 [Docket No. 70]. Defendant, as the prevailing party, filed a proposed bill of costs [Docket No. 71]. On January 13, 2011, the Clerk of the Court allowed certain costs and disallowed others, ultimately taxing costs in favor of defendant in the amount of $2,385.73 [Docket No. 76]. On January 21, 2011, defendant filed the present motion challenging the taxation of those costs and arguing that the Clerk should have taxed an additional $9,479.23 in costs in his favor.

**I. STANDARD OF REVIEW**

    The Tenth Circuit's opinion in *In re Williams Securities Litigation-WCG Subclass* provides all the necessary background for this motion:

Rule 54(d)(1) provides that costs, other than attorney's fees, should generally "be allowed to the prevailing party." We have recognized that the district court's discretion in taxing costs is limited in two ways. *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc). First, "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Id.* at 459. Second, the district court "must provide a valid reason" for denying such costs. *Id.*; *see also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995) (stating that denying costs to a prevailing party is a "severe penalty" and explaining that "there must be some apparent reason to penalize the prevailing party if costs are to be denied").

Items proposed by prevailing parties "as costs should always be given careful scrutiny." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir.1996). The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). Both parties agree that this standard governs the costs at issue in this appeal.

The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. *Touche Ross*, 854 F.2d at 1245. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000). Materials produced "solely for discovery" do not meet this threshold. [*Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)]. At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." *Id.* The "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. *Id.* (citing *Furr*, 824 F.2d at 1550). This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial." *Id.*

Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably

2

necessary to the litigation of the case. *Id.* We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." *Id.*; *see also Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002) (recognizing that as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved"). The standard is one of reasonableness. *See Mitchell*, 218 F.3d at 1204. If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." *Callicrate*, 139 F.3d at 1339. Thus, we will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id.* at 1340.

A prevailing party bears the burden of establishing the amount of costs to which it is entitled. *See Allison*, 289 F.3d at 1248. Our precedents establish that the amount a prevailing party requests "must be reasonable." *Callicrate*, 139 F.3d at 1339. Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the "non-prevailing party to overcome" the presumption that these costs will be taxed. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

The district court possesses "broad discretion" in awarding costs. *Touche Ross*, 854 F.2d at 1247; *see also Callicrate*, 139 F.3d at 1339 ("The taxing of costs rests in the sound judicial discretion of the district court."). Accordingly, we review costs awards only for an abuse of that discretion. *See Touche Ross*, 854 F.2d at 1245. A district court abuses its discretion where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling. *See Elephant Butte Irrigation Dist. v. U.S. Dep't of the Interior*, 538 F.3d 1299, 1301 (10th Cir. 2008).

558 F.3d 1144, 1147-48 (10th Cir. 2009).

## II. ANALYSIS

Defendant seeks additional costs for obtaining thirteen deposition transcripts. Title 28, United States Code, § 1920 allows the Court to tax "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" as well as

3

"fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(2)-(3). "[W]hen a deposition was reasonably necessary to the litigation, the resulting costs are generally allowable. However, if the deposition was taken simply for discovery purposes, then costs are not recoverable." *Karsian v. Inter-Regional Financial Group, Inc.*, 13 F. Supp. 2d 1085,1088 (D. Colo. 1998) (citations omitted). "Necessity is judged as of the time the transcription was sought, not in hindsight." *Crandall v. City & County of Denver, Colo.*, 594 F. Supp. 2d 1245, 1248 (D. Colo. 2009).

The depositions at issue can be broken into several categories. First, defendant seeks costs for depositions of witnesses listed on both parties' "will call" witness lists, namely, Carl Bauer and Paul Crespin. The Court finds that these transcripts were reasonably necessary to the litigation. Although trial of this case was foreclosed by the Court's grant of summary judgment in early December 2010, the trial was set to occur in early January 2011. Both parties intended to call these witnesses at trial and they were directly involved in the employment decisions challenged by plaintiff. It was reasonable for defendant to request transcripts of their testimony for review during trial preparation and for potential use at trial. The Court rejects plaintiff's argument that it was unnecessary for defendant to obtain transcripts of these witnesses' depositions because the witnesses were defendant's employees. *See Kumar v. Copper Mountain, Inc.*, No. 07-cv-02597-PAB-MEH, 2010 WL 2232347, at *2 (D. Colo. June 1, 2010). Therefore, the Court will award $510.50 in costs for the transcript of Carl Bauer's deposition and $1,152.38 in costs for the transcript of Paul Crespin's deposition. *See* Docket No. 80-1 at 1.

4

Next, defendant seeks costs for obtaining the transcripts of Judy Isbell and Kasey Mceuen's depositions. Ms. Isbell and Ms. Mceuen were designated as defense experts. Plaintiff took their depositions and indicated that she would move to exclude their opinions. Plaintiff, however, did not file any motion to exclude defendant's expert opinions until December 3, 2010, a little more than a month before the scheduled trial and then only moved to exclude Ms. Mceuen's opinion. *See* Docket No. 61. When plaintiff moved to exclude Ms. Mceuen's testimony, she included the entirety of Ms. Mceuen's deposition as an exhibit. *See* Docket No. 61-2. The Court finds that these transcripts were reasonably necessary for use at trial. The fact that plaintiff indicated an intention to move to exclude their opinions provided a reasonable basis for defendant to order transcripts of the depositions. Defendant could anticipate that he would need transcripts in order to oppose their exclusion. Moreover, under the circumstances here, it would have been unreasonable for defendant to wait until such a motion was filed. Plaintiff filed her motion to exclude the testimony of Ms. Mceuen under Rules 702 and 403 a month before trial. Had defendant waited until then to order a transcript, it is likely that he would have encountered logistical problems in obtaining a transcript in sufficient time to review it and prepare a timely response. Therefore, the Court will award defendant costs for obtaining the deposition transcripts of Judy Isbell and Kasey Mceuen in the amounts of $393.45 and $483.38, respectively.

Finally, defendant seeks costs for deposition transcripts of several witnesses listed on the parties' "may call" witness lists. As an initial matter, plaintiff points out that she videotaped or audio taped each of these depositions and therefore defendant did not need to have a court reporter present to transcribe them. However, as defendant

5

correctly points out, plaintiff's method of recording the depositions does not comport with either Rule 30(b)(5) or Rule 30(f) and would not, absent stipulation of the parties, create an official record of the depositions. Plaintiff cites no cases that disallow the recovery of deposition costs when a party fails to enter into a stipulation regarding informal recording of the deposition. Plaintiff says that defendant could have reviewed the tape recordings and only ordered the pages that he needed transcribed. Docket No. 81 at 6. While at first blush this sounds perfectly reasonable, as a practical matter it is not. Defendant's attorney would have had to listen, in real time, to eight days of depositions to determine what portions he should transcribe, *see* Docket No. 82 at 4, which is not only inefficient, but is also a poor substitute for a text that can be word searched in far less time. The difference between videotapes and stenographic transcripts caused the Tenth Circuit in *Tilton v. Capital Cities/ABC Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997), to observe that "in most cases, a stenographic transcript of a videotaped deposition will be 'necessarily obtained for use in the case.'"

Plaintiff also argues that various depositions of defendant's current employees were not necessarily obtained because defendant had ready access to such employees for purposes of trial preparation. Docket No. 81 at 10. However, the fact that plaintiff deposed such witnesses gave defendant a basis to order a transcript of their depositions for use during trial preparation if such witnesses were likely to testify at trial. As mentioned above, it would have been unreasonably inefficient for defendant to rely on a tape recording for trial preparation. Thus, the Court will allow the costs of the transcriptions for those witnesses who plaintiff listed as "may call" witnesses, namely, Robert Leaverton in the amount of $779.05, Florence Navarro in the amount of

$1051.85, and Dan Rosenbluth in the amount of $787.75.  The Court, however, will not allow costs for the deposition transcripts of Bill Mulholland and Amy Simms, who were not listed as witnesses by plaintiff and who defendant only listed as "may call" witnesses.  Given the relative unimportance of these witnesses, as reflected in the parties' witness lists, the defendant could have reasonably relied on notes from the depositions or the informal recordings to prepare them for trial.  As a result, the deposition transcripts were not reasonably obtained.

The final category of "may call" witnesses are ones who were deposed in *White v. Vilsack*, Case No. 08-cv-01874-MSK-KMT.  Plaintiff listed each of these witnesses as a "may call" witness in this case.  As a result, defendant acted reasonably in ordering the transcripts of their depositions in the *White* case in order either to prepare such witnesses for trial or to cross-examine them.  Although defendant has filed a motion to tax the costs of some of these transcripts in the *White* case, he has indicated that he will withdraw such requests if he is successful here.  *See* Case No. 08-cv-1874-MSK-KMT, Docket No. 117 at 6.  As a result, the Court will allow the costs of the deposition transcripts of Rick Cables in the amount of $1096.95, Debra Muse in the amount of $1220.08, Monica White in the amount of $1096.33, and Mike Wrigley in the amount of $396.58.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion for Review of Costs Taxed [Docket No. 80] is **GRANTED** in part and **DENIED** in part. Additional costs shall be taxed in favor of defendant and against plaintiff in the amount of $8,968.30.

DATED September 26, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge